LOULA B. JONES, FORMER EXECUTRIX, ESTATE OF JOHN M. JONES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39743. Promulgated July 31, 1930.

*C. M. Hash, Esq.,* for the petitioner.
*Arthur Carnduff, Esq.,* for the respondent.

442

OPINION.

SEAWELL: If the proceeds of the five insurance policies are receivable by the executor within the meaning of section 302 (g) of the Revenue Act of 1924, the Commissioner committed no error in adding the amount of $18,819.58 to the estate of the decedent as returned by the executrix and proposing the deficiency he did on account thereof.

The pertinent section of the Revenue Act of 1924 is as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*   \*   \*   \*   \*   \*   \*

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

The applicable sections of the Tennessee statutes bearing on the question are sections 4030 and 4231 of Shannon's Code (Statutes of Tennessee), which provide:

A life insurance effected by a husband on his own life shall inure to the benefit of the widow and next of kin, to be distributed as personal property, free from the claims of his creditors.

Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the law of distributions, without being in any manner subject to the debts of the husband, whether by attachment, execution, or otherwise.

The question raised in this case is substantially the same that arose in *Julia S. Lucky et al., Executrices*, 2 B. T. A. 1268. In the *Lucky* case, *supra*, the question arose under section 402 (f) of the Revenue Act of 1921, which is identical with section 302 (g) of the Revenue Acts of 1924 and 1926.

In the *Lucky* case we pointed out that the section under construction did not provide that insurance payable to one's estate should constitute a part of the gross estate, but provided that such insurance should become a part of the gross estate only if receivable by the executor. We held in that case that, under the statutes of Tennessee and the decisions cited, in our opinion the insurance involved did not at any time become a part of the gross estate of the decedent receivable by the executor within the meaning of the section of the statute cited.

On the authority of the *Lucky* case, *supra*, we are of the opinion in the instant case that the Commissioner committed error in including the proceeds of the said five insurance policies as a part of the gross estate of the decedent.

*Judgment will be entered under Rule 50.*